IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CODY HORTON,**

    **Plaintiff,**

    **v.**                                   **CASE NO. 20-3080-SAC**

**CORIZON, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. On February 8, 2021, Defendant Corizon filed a Motion to Dismiss (Doc. 17). This matter is before the Court on Plaintiff's Motion for Extension (Doc. 20) and Motion for the Appointment of Counsel (Doc. 21).

Plaintiff seeks a thirty-day extension of time to respond to the motion to dismiss, stating that there was a delay in receiving the motion to dismiss due to his transfer, and that he is in administrative segregation with limited access to the law library. For good cause shown, the Court grants the motion for extension of time.

Plaintiff has also filed a motion for appointment of counsel, alleging that he is unable to afford counsel, the issues in the case involve medical treatment and are therefore complex, Plaintiff has limited law library access, Plaintiff only has one eye and cannot read for long periods of time, and Plaintiff has limited understanding of the law.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v.*

*Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives dispositive motions.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension (Doc. 20) is **granted.** Plaintiff shall have until **April 2, 2021**, in which to respond to the Motion to Dismiss at Doc. 17.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Doc. 21) is **denied without prejudice.**

IT IS SO ORDERED.

Dated February 25, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**