IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CODY HORTON,**

    **Plaintiff,**

    v.                                               **CASE NO. 20-3080-SAC**

**CORIZON, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 27) and Motion for the Appointment of Counsel (Doc. 28).

Plaintiff filed this action on March 16, 2020. The Court ordered KDOC officials to file a *Martinez* Report. (Doc. 4.) The KDOC filed the *Martinez* Report (Docs. 15, 16) and Defendant Corizon filed a Motion to Dismiss (Doc. 17). Plaintiff filed a response to the Motion to Dismiss on May 5, 2021. On that same date, Plaintiff filed a motion for leave to amend his complaint and a motion for appointment of counsel.

Plaintiff is seeking to amend his complaint over a year after filing this case, and after a motion to dismiss has been filed. Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A) and (B). The motion to dismiss was filed on February 8, 2021, and Plaintiff filed his motion for leave to amend on May 5, 2021. Therefore, Plaintiff is not entitled to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1).

1

Rule 15 provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In his motion to amend, Plaintiff states that he is seeking to amend his complaint to add "facts, exhibits, case law, and several parties." (Doc. 27, at 1.) Plaintiff does not explain what facts and parties he is seeking to add, nor does he explain the delay in seeking to amend. Plaintiff fails to provide sufficient information to warrant leave to amend. Plaintiff's motion to amend fails to attach a proposed amended complaint as required by the Court's Local Rules. *See* D. Kan. Rule 15.1(a)(2). Plaintiff's motion for leave to amend is denied.

Plaintiff has also filed a motion for appointment of counsel. The Court previously denied Plaintiff's request for appointment of counsel. (Doc. 23.) The Court denies the motion without prejudice based on the same reasoning set forth in the Court's prior order denying the appointment of counsel at Doc. 23.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 27) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel (Doc. 28) is **denied without prejudice.**

**IT IS SO ORDERED.**

Dated May 6, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge