IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CODY HORTON,

        Plaintiff,

v.                                      Case No. 20-3080-JWB

CORIZON, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Corizon's motion to dismiss. (Doc. 17.) The motion has been fully briefed and the court is prepared to rule. (Docs. 18, 26, 32.) Corizon's motion is GRANTED for the reasons stated herein.

**I.**     **Facts and Procedural History**

The facts stated herein are taken from the allegations in Plaintiff's complaint. (Doc. 1.) Plaintiff, proceeding pro se, is in the custody of the Kansas Department of Corrections ("KDOC") and currently incarcerated at the Norton Correctional Facility. Defendant Corizon is a company that contracts with KDOC to provide medical services to inmates. In June 2016, Plaintiff was housed at El Dorado Correctional Facility ("EDCF"). He woke up one morning and was in severe pain and unable to see out of his left eye. Plaintiff informed Defendant 1, a Corizon nurse at EDCF, of his condition. Defendant 1 performed a basic eye exam and informed Plaintiff that nothing else could be done for him. No further action was taken. In October or November 2016, Plaintiff was housed at Lansing Correctional Facility ("LCF"). He again sought medical treatment for his left eye. Defendant 2, a Corizon nurse at LCF, also told Plaintiff that nothing could be done but did tell Plaintiff that a call-out would be made for an appointment with the facility eye doctor.

1

A call-out was not made until several months later. Defendant 3, another Corizon employee, is responsible for making the call-out list for the eye doctor. After ultimately seeing the eye doctor, Plaintiff was told that he had a detached retina. A referral to an off-site provider was made for Plaintiff. In March 2018, Plaintiff had a laser procedure to reattach the retina. It was unsuccessful in restoring his eyesight. Plaintiff alleges that he has permanent loss of vision and pain in his left eye.

Plaintiff filed this suit against Defendants alleging that they have violated his Eighth Amendment rights by denying and delaying his medical treatment resulting in permanent blindness and pain. (Doc. 1.) Plaintiff stated that he did not know the names of Defendants 1, 2, and 3, but that he hoped to learn the information after obtaining the records. (*Id.* at 3.) After filing suit, this action was screened by Judge Sam Crow pursuant to 28 U.S.C. § 1915A. Judge Crow ordered the filing of a *Martinez* Report. (Doc. 4 at 5.) A *Martinez* Report and a supplement were filed and served on Plaintiff. (Docs. 15, 16.) The *Martinez* Report summarizes Plaintiff's medical treatment including the identity of the healthcare providers that provided care. (Doc. 15.) The supplement to the *Martinez* Report includes more than 400 pages of medical records. (Doc. 16.)

After the *Martinez* Report was filed, Corizon moved to dismiss on the basis that Plaintiff has failed to allege that the actions taken by the individual Defendants were due to a Corizon policy. (Doc. 17.) Plaintiff sought an extension to file a response which was granted. (Doc. 20.) Plaintiff also moved to appoint counsel and file an amended complaint. (Docs. 27, 28.) Judge Crow denied both motions. With respect to the motion to amend, Plaintiff stated that he wanted to add "facts, exhibits, case law, and several parties." (Doc. 27 at 1.) Plaintiff, however, failed to explain what facts and parties he sought to add. Judge Crow found that Plaintiff had failed to

provide sufficient information to warrant leave and also failed to comply with Local Rule 15.1 in that he did not attach a proposed amended complaint. (Doc. 30 at 2.)

Based on a review of the complaint, the court finds that Plaintiff's allegations are insufficient to state a claim against Corizon.

## II. Standard

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*.

## III. Analysis

Plaintiff's complaint alleges that Defendants were deliberately indifferent to his constitutional rights by failing to provide medical care and a delay in providing medical care. Corizon moves for dismissal on the basis that Plaintiff has not plausibly stated a claim against it under § 1983. In response, Plaintiff reasserts his complaints against the unnamed Defendants, who are allegedly Corizon employees. (Doc. 26.)

Section 1983 provides a remedy against any person who, acting under color of state law, deprives an individual of a right secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Corizon "may not be sued under § 1983 for an injury inflicted solely by its employees or agent." *Waller v. City and Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). *See McGee v. Corizon*, 831 F. App'x 381, 384 (10th Cir. 2020) (noting that the *Monell* doctrine applies to Corizon as a private defendant fulfilling a government function). In other words, Corizon "cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* (quoting *Monell,* 436 U.S. at 691) (emphasis in original). Rather, Corizon may only be held liable when execution of a Corizon policy or custom inflicts the injury. *Id.* (quoting *Monell*, 436 U.S. at 694); *McGee*, 831 F. App'x at 384.

Plaintiff's complaint fails to allege that his injury is the result of a Corizon policy or custom. Therefore, his claim against Corizon is deficient. *McGee,* 831 F. App'x at 384. Corizon's motion to dismiss is granted.

The remaining claims in Plaintiff's complaint are asserted against unnamed Defendants. "Section 1983 plaintiffs may only 'use unnamed defendants,' if they 'provide an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served.'" *Mayfield v. Presbyterian Hosp. Admin*., 772 F. App'x 680, 686 (10th Cir. 2019) (quoting *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996)). Viewing the *Martinez* Report and Plaintiff's allegations, the court is unable to determine the identities of the unnamed Defendants so that they may be served with process. In viewing the *Martinez* Report, Plaintiff had several visits with various nurses, but those dates do not coincide with Plaintiff's allegations. Notably, the records do not show that Plaintiff made a complaint regarding his eye until June 2017. (Doc.

15 at 2.) Plaintiff then saw optometrist Dr. Norris in September 2017. (*Id.* at 3.) Plaintiff's allegations regarding his injury concern visits in 2016.

A complaint must "make clear exactly who is alleged to have done what" so that defendants can "ascertain what particular unconstitutional acts they are alleged to have committed." *Mayfield*, 772 F. App'x at 686. As framed, Plaintiff's complaint has not given notice to the unnamed Defendants and the court cannot identify them. Plaintiff was provided with a copy of the *Martinez* Report and his medical records more than four months ago. These records should be sufficient to supply Plaintiff with the information he needs to identify the unnamed Corizon employees who are currently referred to as Defendants 1, 2, and 3.

Should Plaintiff seek to proceed against the unnamed individual Defendants, Plaintiff must file a motion to amend that includes Plaintiff's proposed amended complaint naming the individual Defendants or providing an adequate description sufficient to identify them. If Plaintiff fails to file a motion to amend, the court will dismiss without prejudice the unnamed Defendants. *See Lujan ex rel. Lujan v. County of Bernalillo*, 354 F. App'x. 322, 325 (10th Cir. 2009).

### IV. Conclusion

Defendant Corizon's motion to dismiss (Doc. 17) is GRANTED.

Because this court cannot ascertain the identities of the unnamed Defendants, Plaintiff must file a motion to amend that includes Plaintiff's proposed amended complaint naming the individual Defendants or providing an adequate description sufficient to identify them. If Plaintiff fails to file a motion to amend within **30 days** of this order, the court will dismiss the remaining Defendants without prejudice.

IT IS SO ORDERED.  Dated this 22nd day of June 2021.

                                         s/ John W. Broomes
                                         JOHN W. BROOMES
                                         UNITED STATES DISTRICT JUDGE